UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CRUMP,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:16-CV-162

HON. GORDON J. QUIST

## **OPINION**

On February 16, 2016, Movant, Dennis Crump, filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, seeking relief pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. *Id.* at 2563. Because Crump had previously filed a § 2255 Motion, this Court transferred the motion to the Sixth Circuit as a second or successive § 2255 Motion. (ECF No. 3.) On October 21, 2016, the Sixth Circuit authorized Crump to proceed with a second or successive § 2255 Motion in light of *Johnson*.

The Government has filed a response to Crump's § 2255 Motion, Crump has filed a reply, and the Government has filed a notice of supplemental authority. For the reasons that follow, the Court will deny Crump's § 2255 Motion.

On April 4, 2009, Crump was charged in a three-count superseding indictment. Count 1 charged Crump with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), 924(a)(2), and 924(e). Count 2 charged Crump with one count of possession of cocaine with

intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count 3 charged Crump with possessing firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Crump pled not guilty and proceeded to trial, which began on August 25, 2009. On the second day of trial, Crump pled guilty to all three counts of the superseding indictment.

The presentence investigation report determined that Crump was an armed career criminal under 18 U.S.C. § 924(e) because he had one prior conviction for felonious assault, in violation of M.C.L. § 750.82, and two prior convictions for serious drug offenses. (Case No. 1:09-CR-73-01, PSR ¶¶ 36, 44–46.) On January 14, 2010, this Court sentenced Crump to 220 months on Count 1, 220 months on Count 2, to run concurrently with Count 1, and 60 months on Count 3, to run consecutively with Counts 1 and 2.

The Armed Career Criminal Act (ACCA) provides for a mandatory minium sentence of 15 years imprisonment for a violation of 18 U.S.C. § 922(g) if the defendant has three prior convictions for a "violent felony" or a "serious drug offense" or both. 18 U.S.C. § 924(e). The ACCA contains three clauses that determine whether a prior conviction qualified as a "violent felony": (1) the "elements clause"; (2) the "enumerated offenses clause"; and (3) the "residual clause." *United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017). *Johnson* invalidated only the "residual clause." *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of violent felony."). Because assault is not one of the enumerated offenses under the ACCA, whether Crump is entitled to relief under *Johnson* depends on whether felonious assault under M.C.L. § 750.82 falls within the elements clause.

The Sixth Circuit's decision in *United States v. Harris*, 853 F.3d 318 (6th Cir. 2017), squarely answers the question. In *Harris*, the court held that felonious assault under M.C.L. §

750.82 constitutes a "crime of violence" under the "elements clause" of § 4B1.2(a) of the Sentencing Guidelines. Applying the categorical approach, the court said that "[t]aken together, the[] elements [of an offense under M.C.L. § 750.82] entail 'the use, attempted use, or threatened use of physical force' under the federal Sentencing Guidelines." *Id.* at 321. The court noted that felonious assault qualifies as a crime of violence because it proscribes not "common law assault but common law assault *with a dangerous weapon*," which suffices to render the offense a "crime of violence." *Id.* at 322. Because the courts interpret the elements clause of the Sentencing Guidelines and the elements clause of the ACCA "the same way," *id.* at 320; *see also United States v. McMurray*, 653 F.3d 367, 371 n.1 (6th Cir. 2011) ("Whether a conviction is a 'violent felony' under the ACCA is analyzed in the same way as whether a conviction is a 'crime of violence' under the United States Sentencing Guidelines."), *Harris* controls the outcome of Crump's motion.

Accordingly, *Johnson* affords Crump no relief.

Having concluded that Crump is not entitled to relief under *Johnson*, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if a movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find this Court's conclusion that Crump is not entitled to relief under *Johnson* debatable or wrong. Therefore, the Court will deny Crump a certificate of appealability.

An Order consistent with this Opinion will enter.


Dated: June 29, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE